UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.   8:13-cr-347-T-23TGW
                                                           8:16-cv-1752-T-23TGW
DARRIAN JOVAN RHODES

_____/

**O R D E R**

Rhodes's motion under 28 U.S.C. § 2255 (Doc. 1) challenges the sentence for his conviction for possession of a firearm by a convicted felon, for which he is imprisoned for 180 months.  In 2014 Rhodes was convicted and sentenced under a plea agreement.  Rhodes erroneously asserts entitlement to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."  *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir.

_____

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

## **FACTS**[2]

On November 26, 2012, detectives with the Bradenton Police Department (BPD) were attempting to locate Darrian Rhodes, because he had outstanding warrants. When approaching 513 10th Avenue East in Bradenton, Florida, one of the BPD detectives observed Rhodes speaking with a woman. When Rhodes saw the detectives he grabbed the waistband of his jeans and ran towards the front door of the residence.

The BPD detectives then pursued Rhodes, announcing "Stop, Police." One of the BPD detectives had Rhodes in sight when Rhodes opened the front screen door of the residence. At this time, the detective observed a black object hit the wall by the front door of the residence, making a loud sound and falling to the ground. Another one of the BPD detectives heard a bang as if something had hit a hard surface near the front door. Rhodes entered the residence and locked the door before the detective could reach him. When Rhodes did not respond to requests to open the door, the detectives entered the residence by kicking in the door. After a search of the residence for Rhodes, he was located hiding in an air vent in one of the bedrooms of the residence.

Once Rhodes was arrested, a loaded black .38 caliber revolver was found on the ground in the dirt on the right side of the front door of the residence, which was the location where the BPD detectives saw and heard Rhodes throw a black object. The revolver appeared to have concrete dust on the barrel from where it hit the wall of the residence. Rhodes admitted that he had the firearm in his waistband, which fell to the ground before he entered the residence.

---

[2]  This summary of the facts is from the plea agreement. (Doc. 19 in 13-cr-347)

> A certified nexus examiner determined that the firearm and ammunition possessed by Rhodes was manufactured outside of the State of Florida and therefore traveled in and affected interstate commerce.
>
> At the time of the incident Rhodes was a convicted felon who had not had his right to possess a firearm restored.

The indictment both charged Rhodes with the one count of possession of a firearm by a convicted felon and listed twelve prior felony convictions. In accord with the plea agreement Rhodes was sentenced to the mandatory minimum term of 180 months as an armed career criminal.

## STATUTE OF LIMITATIONS

Rhodes's motion is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus). The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2255 motion. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Rhodes's conviction became final in 2014 and his one-year limitation expired in 2015. Rhodes moved under Section 2255 in 2016. As a consequence, Rhodes's motion is untimely based on a limitation under Section 2255(f)(1), a fact that Rhodes recognizes.

To overcome the untimeliness under Section 2255(f)(1), Rhodes asserts entitlement to the retroactive application of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which holds "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Section 2255(f)(3) permits a limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Rhodes moves under Section 2255(f)(3) because *Welch v. United States*, 136 S. Ct. 1257 (2016), applies *Johnson* retroactively.

Nevertheless, Rhodes is entitled to no relief because he has at least three prior convictions that qualify as either a serious drug offense or a violent felony after *Johnson*. Section 924(e)(1) of the ACCA requires a minimum mandatory imprisonment of fifteen years for a defendant who "has three previous felony convictions . . . for a violent felony," which Section 924(e)(2)(B) defines as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that —
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Subsection (i) is known as the "elements clause." The first part of Subsection (ii) is known as the "enumerated crimes clause" — "burglary, arson, or extortion, involves

- 4 -

use of explosives" — and the remainder of the subsection is known as the "residual clause" — "or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Johnson* found that the residual clause of the ACCA is unconstitutionally vague. *Welch*, 136 S. Ct. at 1268, recognizes that *Johnson* is inapplicable to both the "enumerated offenses clause" and the "elements clause" of the ACCA. *Accord In re Charles Hines*, 824 F.3d 1334, 1337 n.4 (11th Cir. 2016) (recognizing that *Johnson* did not question the validity of the elements clause). Rhodes gains no benefit under *Johnson* because his prior felony convictions qualify as a "violent felony" under the ACCA's "elements clause."

Additionally, Section 924(e)(1) of the ACCA requires a minimum mandatory imprisonment of fifteen years for a defendant who "has three previous felony convictions . . . for a . . . serious drug offense," which Section 924(e)(2)(A) defines as follows:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

*Johnson* affords Rhodes no benefit because he has the requisite prior felony convictions that qualify under the ACCA as a "serious drug offense" or a "violent

felony."  Rhodes pleaded guilty to the indictment and he accepted the accuracy of

the presentence investigation report ("PSI").  As a consequence, Rhodes admits that

his relevant prior convictions, which are listed in either the indictment or the PSI,

include (1) two separate convictions for the sale of cocaine, (2) one conviction for

the possession of heroin with the intent to sell, (3) one conviction for armed robbery

with a firearm, (4) one conviction for aggravated assault with a deadly weapon, and

(5) one conviction for resisting arrest with violence.  Each qualifies as either a

"violent felony" under the "elements clause" or a "serious drug offense," as *In re

Robinson*, 822 F.3d 1196 (11th Cir. 2016), explains:

> [T]he rule announced in *Johnson* does not benefit Robinson.
> Robinson's ACCA sentence was based on convictions for two
> serious drug offenses, as well as convictions for armed robbery
> and for aggravated battery with a firearm. All these convictions
> were for Florida offenses. Even if the armed robbery offense
> doesn't count under the residual clause because of *Johnson*, it
> appears to contain "as an element the use, attempted use, or
> threatened use of physical force against the person of another."
> 18 U.S.C. § 924(e)(2)(B)(i); *see United States v. Lockley*, 632 F.3d
> 1238, 1245 (11th Cir. 2011). So does the aggravated battery
> with a firearm offense. *See United States v. Hill*, 799 F.3d 1318,
> 1321–22 & n. 1 (11th Cir. 2015) (*per curiam*); *Turner v. Warden
> Coleman FCI (Medium)*, 709 F.3d 1328, 1341 (11th Cir. 2013)
> (*per curiam*). Neither *Johnson* nor any other case suggests that
> Robinson's armed robbery and aggravated battery offenses
> don't count as ACCA predicates under the "elements clause."
> Indeed our precedent says otherwise. This means Robinson's
> sentence is valid even without ACCA's "residual clause."

*See also In re Morris Hires*, 825 F.3d 1297 (11th Cir. 2016) (distinguishing *Johnson*

because "a Florida conviction for aggravated assault under § 784.021 is categorically

a violent felony under the ACCA's elements clause . . . because, by its own terms, the

offense required a threat to do violence to the person of another") (citing *Turner v.*

*Warden, Coleman FCA (Medium)*, 709 F.3d 1328, 1337–38 & n.6 (11th Cir. 2013),

*abrogated on other grounds by Johnson*, 135 S. Ct. 2551 (2015)); and *United States v. Hill*,

799 F.3d 1318, 1322 (11th Cir. 2015) (distinguishing *Johnson* based on *United States v.*

*Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012), which holds that resisting an

officer with violence is a violent felony under the ACCA's elements clause).  As a

consequence, *Johnson* affords Rhodes no relief because his prior convictions are either

a serious drug offense under Section 924(e)(2)(A) or a violent felony under Section

924(e)(2)(B)(i), the "elements clause."

   Accordingly, Rhodes's motion under Section 2255 is **DENIED**.  The clerk

must enter a judgment against Rhodes and close this case.

<div align="center">

**DENIAL OF BOTH A**
**CERTIFICATE OF APPEALABILITY**
**AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

</div>

   Rhodes is not entitled to a certificate of appealability ("COA").  A prisoner

moving under Section 2255 has no absolute entitlement to appeal a district court's

denial of his motion.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue

a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a

substantial showing of the denial of a constitutional right."  To merit a certificate of

appealability, Rhodes must show that reasonable jurists would find debatable both

(1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.

*See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v.*

*Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the Section 2255 motion is

clearly time-barred and because he is not entitled to relief under *Johnson*, Rhodes is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Rhodes must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 8, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE